(Hamilton County Court of Common Pleas.)

THE STERN-BLOCK CO. *v.* HEINSHEIMER, ASSIGNEE.

---

*A Re-delivery Bond Evidence of the Identity of Goods Described in a Writ of Replevin.*

---

Action in replevin. Motion for a new trial on the ground that the verdict is against the evidence.

WILSON, J.

The principal ground relied on is that the plaintiff did not prove that the goods and chattels taken were the identical goods and chattels described in the writ. The record shows that after service of the writ the defendant gave a re-delivery bond and that the property taken was returned to him.

In Pennsylvania, when a writ of replevin is issued, if the defendant has the goods, and the sheriff can take them, the defendant must either surrender them, or, if he chooses, he may claim property and retain them

in his custody, giving bond to the sheriff for delivering them up in case the property shall not be found in him.   1 Dall. 156.

It was held in 58 Pa. St. 200, that a defendant in replevin, who claims property in the goods mentioned in the writ, retains them and gives bond for their return and for indemnity, if the property in them be adjudged against him, conclusively admits that the identical goods mentioned in the writ were left in his hands.   To the same effect are 28 Pa. St. 245 ; 4 Wharton, 500; 15 Sergeant & Rawle, 1.

In Ohio the re-delivery bond is given after service of the writ and then the property taken is returned to the defendant.   One condition of the re-delivery bond is that the defendant will in a certain contingency return the goods taken.   Having so obligated himself, he must return the identical goods taken and can not escape liability by saying that those goods are not the identical goods mentioned in the writ.

By giving the re-delivery bond, the defendant has admitted that the property taken is the property mentioned in the writ; having admitted that fact, the plaintiff was not required to prove it.

Motion overruled.

*Samuel Wolfstein*, for plaintiff.

*Ramsey, Maxwell & Ramsey*, for defendant.